WIPF, RESPONDENT, *v.* KELLEHER ET AL., APPELLANTS.

(No. 4,140.)

(Submitted April 15, 1920.  Decided May 24, 1920.)

[190 Pac. 294.]

*Trial—Pleading and Practice—Counterclaim—Variance—Failure to Amend—Nonsuit—Affirmance.*

1. Where defendant failed to ask permission to amend his counterclaim though his attention had been called to a variance between his allegations, both by objection to the introduction of testimony in support of it and plaintiff's motion for nonsuit because of the variance, the order of the court granting the motion will not be disturbed on appeal.

*Appeal from District Court, Fergus County; Roy E. Ayers, Judge.*

ACTION by Joseph A. Wipf against James Kelleher and Leon A. Kelleher, copartners doing business under the firm name and style of James Kelleher & Son. From a judgment for plaintiff and an order denying their motion for new trial, defendants appeal. Affirmed.

*Mr. E. K. Cheadle* and *Mr. A. D. Strouf,* for Appellants, submitted a brief; *Mr. Cheadle* argued the cause orally.

*Messrs. Belden & De Kalb,* for Respondent, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE HURLY delivered the opinion of the court.

This is an action brought to recover upon a promissory note executed and delivered by the appellants to the respondent. For answer, the appellants admit the execution of the note, and by way of counterclaim allege that on the twenty-second day of May, 1915, respondent and appellants entered into a written contract, by which the respondent agreed to purchase an Avery separator from the appellants; that the said note should be applied in payment of freight upon, and the purchase price of, the said separator, and that whatever balance of the purchase price should remain due upon the said separator after the application of the whole of the sum represented by said note should be paid in cash by the respondent to the appellants; that the appellants furnished the separator according to the terms of the contract, but that the respondent refused, and still refuses, to accept the same, to appellants' damage in the sum of $285, which said sum it is alleged was the amount which the appellants would have realized upon the said separator under the terms of said contract as their commission for selling the same. It is further alleged that before the commencement of the action the appellants tendered to the

respondent the amount due upon said note, less the said sum of $285. There was reply.

Upon the trial, at the conclusion of the testimony, on motion [1] of the respondent, the court granted a nonsuit as to the counterclaim because of variance between the pleadings and the proof, and instructed the jury to return a verdict in favor of the respondent for the full amount sued for in the complaint. Judgment was then entered in favor of the plaintiff. From that judgment and from an order denying a motion for a new trial, this appeal is taken.

It appears from the testimony that the defendants purchased the machine outright from the manufacturer, agreeing to sell the same to the plaintiff, and that what they denominated as commissions is probably the difference between the cost price thereof with freight added and the sum which they had agreed to charge the plaintiff as the purchase price of the machine, and that their cause of action or counterclaim, if any, was because of the plaintiff's refusal to comply with the terms of the contract in refusing to accept the machine, and not for alleged commissions.

The question is whether the testimony offered by appellants constituted a counterclaim, as alleged in the answer. The Revised Codes provide:

Section 6059: "The detriment caused by the breach of a buyer's agreement to accept and pay for personal property, the title to which is not vested in him, is deemed to be:

"1. If the property has been resold, pursuant to section 5803, the excess, if any, of the amount due from the buyer under the contract, over the net proceeds of the resale; or,

"2. If the property has not been resold in the manner prescribed by section 5803, the excess, if any, of the amount due from the buyer under the contract, over the value to the seller, together with the excess, if any, of the expenses properly incurred in carrying the property to market, over those which would have been incurred for the carriage thereof, if the buyer had accepted it."

Objection was made to all testimony offered by appellants touching the alleged counterclaim, and in addition the motion for a nonsuit pointed out specifically that the allegations of the counterclaim were at variance with the testimony. No request was made for permission to amend.

With the record in this condition we do not feel that the trial court should be put in error for holding that there was a variance, it appearing that the defendants did not, either by their pleading or proof, bring themselves within the rule of the statute, though had they done so the evidence at hand would have entitled them to go to the jury.

The judgment and order appealed from are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, MATTHEWS and COOPER concur.

MR. CHIEF JUSTICE BRANTLY, being absent during consultation of the court, took no part in the decision.